MINUTE ENTRY
KNOWLES, M.J.
FEBRUARY 3, 2010

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH CHAISSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3334** |
| **ST. BERNARD PARISH GOVERNMENT, ET AL.** | **SECTION "C" (3)** |

On this date, the undersigned Magistrate Judge conducted a hearing regarding the Motion for Leave to File an Amended Answer to Plaintiff's Complaint [Doc. #18] filed by defendant St. Bernard Parish Government ("defendant"). Present were Preston Hayes on behalf of plaintiff and Mark Hanna on behalf of defendant. After the hearing, the Court took the motion under advisement. Having reviewed the parties' memoranda, the applicable case law and the parties' oral argument, the Court issues the following order, to wit:

**IT IS ORDERED** that defendants' Motion for Leave to File an Amended Answer to Plaintiff's Complaint [Doc. #18] is DENIED. The Court finds that defendant fails to meet its burden under the four-part "good cause" test under Federal Rule of Civil Procedure 16. While defendant repeatedly cited to Rule 15 at oral argument, defendant must satisfy the Rule 16 "good cause" test because the amendment deadline in the scheduling order (October 1, 2009) passed before it filed the instant motion. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536

MJSTAR(00:10)

(5th Cir. 2003). Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536).

Defendant – relying only on the incorrect standard in Rule 15 – has not shown good cause why it should be allowed to amend its answer.[1] Defendant first filed its Answer on July 8, 2009. Defendant can not explain why – despite its due diligence – it could not have pleaded the affirmative defenses at issue on that date. In addition, defendant waited almost a month after counsel's enrollment to file the motion for leave to amend.

Further, the Court finds that the amendment is not important. For example, defendant seeks to amend its answer to deny that subject-matter jurisdiction exists and to assert that plaintiff's takings claim is unripe because she has failed to exhaust administrative remedies. Such defenses

---

[1] Defendant expended almost its entire memoranda to argue the merits of plaintiff's suit – merits which are now before the District Court in defendant's Motion to Dismiss [Doc. #16] and not before this Court.

are at the core of this Court's subject-matter jurisdiction and need not be affirmatively pleaded. In addition, defendant seeks to assert that it is entitled to offset under Louisiana Revised Statute § 33:4766 and Section 5-1, paragraph 102.6 of the St. Bernard Parish Code of Ordinances for costs incurred in the maintenance and demolition of plaintiff's property. Defendant has, however, preserved such a claim through its Counterclaim. [Doc. #7].

Moreover, and contrary to defendant's argument, the Court finds that plaintiff will suffer prejudice were the Court to grant defendant's motion. Plaintiff's argument is well-taken in that should the Court grant the motion, plaintiff will then have to file a motion for leave to amend her complaint to plead more particularly her claims. That will re-open discovery in this suit. The discovery deadline here is April 19, 2010. Defendant has not sufficiently demonstrated "good cause" for this Court to potentially jeopardize such a close deadline.

                                                                                                    _____
                                                                                                    **DANIEL E. KNOWLES, III**
                                                                                                    **UNITED STATES MAGISTRATE JUDGE**